IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JANE DOE BY HER PARENTS AND NEXT
FRIENDS, JANE ROE AND JOHN DOE,

   Plaintiff,

v.                                                    Case No. 1:23-cv-01358

LOUDOUN COUNTY SCHOOL BOARD,

   Defendant.

## ANSWER TO COMPLAINT

Defendant Loudoun County School Board ("School Board"), by counsel, for its Answer to Plaintiff's Complaint, hereby denies that it is liable to Plaintiff, denies that it violated Title IX of the Education Amendments Act of 1972 ("Title IX"), and denies that Plaintiff was subjected to discrimination or retaliation, and further denies that it is liable to Plaintiff in any way, and further states as follows:

1. In answer to ¶ 1 of the Complaint, the School Board admits that another student was convicted of sexually assaulting Jane Doe in a female bathroom at Stone Bridge High School when she was 15-years-old, and that Jane Doe received her GED and is no longer a student at Loudoun County Public Schools. The School Board denies any and all remaining allegations contained in ¶ 1 of the Complaint in the manner and form alleged.

2. The School Board denies the allegations contained in ¶ 2 of the Complaint in the manner and form alleged.

3. The School Board denies the allegations contained in ¶ 3 of the Complaint in the manner and form alleged.

4. The School Board denies the allegations contained in ¶ 4 of the Complaint in the manner and form alleged.

5. The School Board denies the allegations contained in ¶ 5 of the Complaint.

6. The School Board denies the allegations contained in ¶ 6 of the Complaint in the manner and form alleged.

7. The School Board denies the allegations contained in ¶ 7 of the Complaint in the manner and form alleged.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, the School Board denies the allegations contained in ¶ 8 of the Complaint, including footnote 1, in the manner and form alleged.

9. In answer to ¶ 9 of the Complaint, the School Board admits that it operates the Loudoun County Public Schools. The School Board denies any and all remaining allegations contained in ¶ 9 of the Complaint in the manner and form alleged.

## JURISDICTION AND VENUE

10. In answer to ¶ 10 of the Complaint, the School Board admits that this Court has jurisdiction over this matter. The School Board denies that it took any acts that give rise to a claim on behalf of Plaintiff.

11. In answer to ¶ 11 of the Complaint, the School Board admits that venue is proper in this Court. The School Board denies that it took any acts that give rise to a claim on behalf of Plaintiff.

## PARTIES

12. In answer to ¶ 12 of the Complaint, the School Board avers that Jane Doe is 18-years-old. The School Board is without sufficient information to admit or deny the remaining allegations contained in ¶ 12 of the Complaint and therefore denies them in the manner and form alleged.

13. The School Board admits the allegations contained in ¶ 13 of the Complaint.

14. The School Board admits the allegations contained in ¶ 14 of the Complaint.

15. The School Board admits the allegations contained in ¶ 15 of the Complaint.

16. The School Board admits the allegations contained in ¶ 16 of the Complaint.

## FACTS RELEVANT TO CLAIM

17. In answer to ¶ 17 of the Complaint, the School Board avers that Policy 1040 speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 17 of the Complaint.

18. In answer to ¶ 18 of the Complaint, the School Board admits that the alleged assaultant was wearing a skirt or a kilt and that the other student was convicted of sexually assaulting Jane Doe.

19. The School Board admits the allegations contained in ¶ 19 of the Complaint.

20. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 20 of the Complaint and, therefore, denies them in the manner and form alleged.

21. In answer to ¶ 21 of the Complaint, the School Board admits that Jane Doe was with her school counselor when Jane Roe arrived at the school. The School Board denies any and all remaining allegations in the manner and form alleged.

22. The School Board denies the allegations contained in ¶ 22 of the Complaint in the manner and form alleged.

23. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 23 of the Complaint and, therefore, denies them in the manner and form alleged.

24. The School Board denies the allegations contained in ¶ 24 of the Complaint in the manner and form alleged.

25. The School Board denies the allegations contained in ¶ 25 of the Complaint in the manner and form alleged.

26. In answer to ¶ 26 of the Complaint, the School Board admits that John Doe became irate and caused an incident at the front office that required school officials to request additional law enforcement support at the school. The School Board denies any and all remaining allegations contained in ¶ 26 of the Complaint in the manner and form alleged.

27. The School Board denies the allegations contained in ¶ 27 of the Complaint in the manner and form alleged.

28. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 28 of the Complaint and therefore denies them in the manner and form alleged.

29. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 29 of the Complaint and therefore denies them in the manner and form alleged.

30. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 30 of the Complaint and therefore denies them in the manner and form alleged.

31. In answer to ¶ 31 of the Complaint, the School Board admits that Stone Bridge Principal Tim Flynn sent the following statement to parents on May 28, 2021:

> Good evening Stone Bridge families this is Stone Bridge Principal Tim Flynn. There was an incident in the main office area today that required the Loudoun County Sheriff's Office to dispatch deputies to Stone Bridge. The incident was confined to the main office and the entrance area to the school. There was no threat to the safety of the student body. The incident was witnessed by a small number of students who were meeting with staff adjacent to the main office. Counseling services and the services of our Unified Mental Health Team are available for any student who may need to talk about today's incident. Students might have noticed Sheriff's Office personnel on campus and I wanted to let you know that something out of the ordinary happened at school today. The safety of our students and staff is top priority of Loudoun County Public Schools. If you have any concerns you may contact me at Timothy.Flynn@lcps.org.

The School Board denies any and all remaining allegations contained in ¶ 31 of the Complaint in the manner and form alleged.

32. The School Board denies the allegations contained in ¶ 32 of the Complaint in the manner and form alleged.

33. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 33 of the Complaint in the manner and form alleged.

34. In response to ¶ 34 of the Complaint, the School Board admits that John Doe received a no-trespass letter from Stone Bridge High School, and admits to the remaining allegations in that paragraph.

35. The School Board denies the allegations contained in ¶ 35 of the Complaint in the manner and form alleged.

36. The School Board admits that Loudoun County Public Schools then-current Superintendent Scott Ziegler made certain statements; however it denies the allegations contained in ¶ 36 of the Complaint in the manner and form alleged.

37. The School Board denies the allegations contained in ¶ 37 of the Complaint.

38. The School Board admits the allegations contained in ¶ 38 of the Complaint.

39. The School Board denies the allegations contained in ¶ 39 of the Complaint in the manner and form alleged.

40. The School Board admits the allegations contained in ¶ 40 of the Complaint.

41. The School Board admits the allegations contained in ¶ 41 of the Complaint.

42. In answer to ¶ 42 of the Complaint, the School Board avers that the November 10, 2021 letter speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 42 of the Complaint in the manner and form alleged.

43. In answer to ¶ 43 of the Complaint, the School Board avers that the November 10, 2021 letter speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 43 of the Complaint in the manner and form alleged.

44. In answer to ¶ 44 of the Complaint, the School Board avers that the November 10, 2021 letter speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 44 of the Complaint in the manner and form alleged.

45. In answer to ¶ 45 of the Complaint, the School Board avers that the November 10, 2021 letter speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 45 of the Complaint in the manner and form alleged.

46. The School Board denies the allegations contained in ¶ 46 of the Complaint in the manner and form alleged.

    a.    In answer to ¶ 46(a) of the Complaint the School Board admits that certain statements were made about and concerning Jane Doe, and that Jane Roe and Jane Doe reported this to Stone Bridge and Stone Bridge conducted a threat assessment. The School Board denies any and all remaining allegations contained in ¶ 46(a) of the Complaint.

    b.    In answer to ¶ 46(b) of the Complaint the School Board admits that Jane Doe had a physical altercation with another female student on September 8, 2021, and that the School Board investigated and took appropriate action to address the matter. The School Boar denies any and all remaining allegations contained in ¶ 46(b) of the Complaint.

    c.    The School Board denies the allegations contained in ¶ 46(c) of the Complaint in the manner and form alleged.

    d.    The School Board denies the allegations contained in ¶ 46(d) of the Complaint in the manner and form alleged.

    e.    The School Board is without sufficient information to admit or deny the allegations contained in ¶ 46(e) of the Complaint and therefore denies them in the manner and form alleged.

47.    The School Board denies the allegations contained in ¶ 47 of the Complaint, including those allegations in footnote 2, in the manner and form alleged.

48.    The School Board denies the allegations contained in ¶ 48 of the Complaint in the manner and form alleged.

49.    The School Board denies the allegations contained in ¶ 49 of the Complaint.

50. The School Board denies the allegations contained in ¶ 50 of the Complaint in the manner and form alleged.

51. In answer to ¶ 51 of the Complaint, the School Board avers that the news article speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 51 of the Complaint in the manner and form alleged.

52. In answer to ¶ 52 of the Complaint, the School Board avers that the exhibit speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 52 of the Complaint in the manner and form alleged.

53. In answer to ¶ 53 of the Complaint, the School Board avers that the exhibit speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 53 of the Complaint in the manner and form alleged.

54. In answer to ¶ 54 of the Complaint, the School Board avers that the exhibit speaks for itself. The School Boar denies any and all remaining allegations contained in ¶ 54 of the Complaint in the manner and form alleged.

55. In answer to ¶ 55 of the Complaint, the School Board avers that the exhibit speaks for itself. The School Boar denies any and all remaining allegations contained in ¶ 55 of the Complaint in the manner and form alleged.

56. In answer to ¶ 56 of the Complaint, the School Board admits that a formal Title IX investigation did not begin until October 19, 2021; however, an investigation of the allegations was being conducted by law enforcement, and Jane Doe received extensive daily support at all times she was present at the school. The School Board denies any and all remaining allegations in ¶ 56 of the Complaint in the manner and form alleged.

57. In answer to ¶ 57 of the Complaint, the School Board avers that the exhibit speaks for itself, to include the timeline and scope of such investigation. The School Board denies any and all remaining allegations contained in ¶57 of the Complaint.

58. In answer to ¶ 58 of the Complaint, the School Board avers that the exhibit speaks for itself. The School Boar denies any and all remaining allegations contained in ¶ 58 of the Complaint in the manner and form alleged.

59. In answer to ¶ 59 of the Complaint, the School Board avers that the exhibit speaks for itself. The School Boar denies any and all remaining allegations contained in ¶ 59 of the Complaint, including footnote 3, in the manner and form alleged.

60. The School Board denies the allegations contained in ¶ 60 of the Complaint in the manner and form alleged.

61. In answer to ¶61 of the Complaint, the School Board states that the Court proceedings speak for themselves and the remaining allegations are denied in the manner and form alleged.

62. In answer to ¶ 62 of the Complaint, the School Board admits that a Special Grand Jury released a report dated December 5, 2022. The School Board denies any and all remaining allegations contained in ¶ 62 of the Complaint in the manner and form alleged.

63. In answer to ¶ 63 of the Complaint, including subparagraphs (a)-(o) and footnotes 4-10, the School Board avers that the Special Grand Jury report speaks for itself. The School Board denies any and all remaining allegations contained in ¶ 63 of the Complaint, including subparagraphs (a)-(o) and footnotes 4-10, in the manner and form alleged.

64. In answer to ¶ 64 of the Complaint, the School Board admits that Ziegler was fired on December 6, 2022. The School Board denies any and all remaining allegations contained in ¶ 64 of the Complaint in the manner and form alleged.

65. In answer to ¶ 65 of the Complaint, the indictments speak for themselves and the remaining allegations are denied in the manner and form alleged.

66. The School Board admits the allegations contained in ¶ 66 of the Complaint.

## COUNT ONE
### Discrimination in Violation of Title IX
### 20 U.S.C. § 1681 et seq.

67. In answer to ¶ 67 of the Complaint, the School Board incorporates by reference ¶¶1-66 of this Answer as if set forth fully herein.

68. The School Board admits the allegations contained in ¶ 68 of the Complaint.

69. The School Board admits the allegations contained in ¶ 69 of the Complaint.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, the School Board denies the allegations contained in ¶ 70 of the Complaint in the manner and form alleged.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required, to the extent "actual knowledge" is a legal construct under Title IX that needs to be established, and therefore, the allegations are denied in the manner and form alleged.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, the School Board denies the allegations contained in ¶ 72 of the Complaint in the manner and form alleged.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, the School Board denies the allegations contained in ¶ 73 of the Complaint in the manner and form alleged.

74. The School Board denies the allegations contained in ¶ 74 of the Complaint in the manner and form alleged.

75. The School Board denies the allegations contained in ¶ 75 of the Complaint in the manner and form alleged.

76. The School Board denies the allegations contained in ¶ 76 of the Complaint, including subparagraphs (a)-(q) in the manner and form alleged.

77. The School Board denies the allegations contained in ¶ 77 of the Complaint in the manner and form alleged.

78. The School Board denies the allegations contained in ¶ 78 of the Complaint.

79. The School Board denies the allegations contained in ¶ 79 of the Complaint.

## COUNT II
**Retaliation in Violation of Title IV [sic]**
**20 U.S.C. § 1681, et seq.**

80. In answer to ¶ 80 of the Complaint, the School Board incorporates by reference ¶¶ 1-79 of this Answer as if set forth fully herein.

81. In answer to ¶ 81 of the Complaint, the School Board admits that another student was convicted of sexually assaulting Jane Doe in a female bathroom at Stone Bridge High School when she was 15-years-old. The School Board denies any and all remaining allegations contained in ¶ 81 of the Complaint in the manner and form alleged.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required, to the extent "engaging in a protected activity" is a legal construct under Title IX that needs to be established, and therefore, the allegations are denied in the manner and form alleged.

83. The School Board denies the allegations contained in ¶ 83 of the Complaint in the manner and form alleged.

84. The School Board denies the allegations contained in ¶ 84 of the Complaint.

85. The School Board denies the allegations contained in ¶ 85 of the Complaint.

86. The School Board denies the allegations contained in ¶ 86 of the Complaint.

87. The School Board denies the allegations contained in ¶ 87 of the Complaint.

88. The School Board denies the allegations contained in ¶ 88 of the Complaint in the manner and form alleged.

89. The School Board is without sufficient information to admit or deny the allegations contained in ¶ 89 of the Complaint and therefore denies them in the manner and form alleged. The School Board further avers that there is no Exhibit 14 filed with the Complaint.

90. The School Board denies the allegations contained in ¶ 90 of the Complaint.

91. The School Board denies the allegations contained in ¶ 91 of the Complaint.

92. The School Board denies the allegations contained in ¶ 92 of the Complaint.

93. The School Board denies the allegations contained in ¶ 93 of the Complaint in the manner and form alleged.

## SPECIAL AND AFFIRMATIVE DEFENSES

94. The School Board denies Plaintiff is entitled to the relief requested, including in subparagraphs 1-8.

95. The School Board avers that Plaintiff has failed to state a cause of action upon which relief can be granted. The School Board denies that Plaintiff was subjected to unlawful harassment, discrimination, or retaliation.

96. The School Board avers that its employees provided Jane Doe and her family hundreds of hours of support and communication following the May 28, 2021 incident and did so in compliance with all legal duties and obligations under local, state, or federal law, specifically including Title IX.

97. The School Board avers that all actions were taken in good faith and based on legitimate non-retaliatory reasons and were not solely or in part, based on any illegal, discriminatory, retaliatory or wrongful motives or consideration.

98. The school Board avers that Plaintiff did not experience a loss of educational opportunities and has not alleged any damages recoverable under Title IX.

99. The School Board denies that it is indebted to Plaintiff in the amount claimed or in any amount for the reasons stated or for any reason.

100. The School Board denies all allegations not specifically admitted herein, including allegations in any unnumbered paragraphs.

101. The School Board avers that Plaintiff failed to mitigate her damages.

102. The School Board will rely on any and all properly provable defenses to this action which are revealed through investigation, discovery, or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the forgoing reasons, Loudoun County School Board, by counsel, respectfully requests judgment in its favor and to the extent permitted by law.

**TRIAL BY JURY IS DEMANDED.**

                                  **LOUDOUN COUNTY SCHOOL BOARD**

                                  By Counsel

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Loudoun County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

**C E R T I F I C A T E**

  I hereby certify that on the 16th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

  William M. Stanley, III, Esq.
  VSB No. 37209
  The Stanley Law Group, LLC
  13508 Booker T. Washington Highway
  Moneta, VA 24121
  540-721-6028 - Phone
  540-721-6405 - Fax
  bstanley@vastanleylawgroup.com

  Louis N. Joynes, II, Esq.
  Joynes and Gaidies Law Group
  502 Viking Drive, Suite 201
  Virginia Beach, VA 23452
  757-486-3000 - Phone
  757-486-4732 - Fax
  mike@joyneslaw.com

      /s/ David P. Corrigan
      David P. Corrigan (VSB No. 26341)
      Melissa Y. York (VSB No. 77493)
      Counsel for Loudoun County School Board
      Harman, Claytor, Corrigan & Wellman
      P.O. Box 70280
      Richmond, Virginia  23255
      804-747-5200 - Phone
      804-747-6085 - Fax
      dcorrigan@hccw.com
      myork@hccw.com